IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RIVER OF LIFE ASSEMBLY OF GOD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-49-RP |
| CHURCH MUTUAL INSURANCE COMPANY and JIM TURNER HARRIS, | § § § § | |
| Defendants. | § § | |

## **AMENDED ORDER**

Before the Court is Plaintiff River of Life Assembly of God's ("River of Life") Motion to Remand, (Dkt. 6), along with a response filed by Defendants Church Mutual Insurance Company ("Church Mutual") and Jim Turner Harris ("Harris") (together, "Defendants"), (Dkt. 7). On April 8, 2019, the Court granted River of Life's motion and remanded this action to the 395th Judicial District Court of Williamson County, Texas. (Dkt. 11). Acting *sua sponte* to clarify that order, the Court issues this amended order, which reaches the same conclusion as its original order, for the same reasons. The new language in this amended order appears in underlined text.

### **I. BACKGROUND**

This is a lawsuit about insurance coverage for storm damage to a church. (Orig. Pet., Dkt. 1-2, at 2–3). Unhappy with how its claim was handled, River of Life sued its insurance company, Church Mutual, and the adjuster who handled the claim, Harris, in state court. (*Id.* at 1–2). Church Mutual is diverse from River of Life; Harris is not. (Notice of Removal, Dkt. 1, at 1). Availing itself of a relatively new statutory right, Church Mutual elected responsibility for Harris and removed to this Court. (*Id.* at 3). Church Mutual's election requires this Court to dismiss all of River of Life's claims against Harris, Tex. Ins. Code § 542A.006(c), which would result in complete diversity. The

1

question before the Court is whether to remand the case or to keep it because Harris was improperly joined.

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

However, "the improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, the removing party has the burden to demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the doctrine's second prong is before the Court here. (Not. Removal, Dkt. 1, at 6; Resp. Mot. Remand, Dkt. 7, at 4).

Under the second prong of the improper joinder doctrine, a defendant must establish "that there is no possibility of recovery by the plaintiff against an in-state defendant," which stated differently means "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. A court evaluates the reasonable basis of recovery under state law by "conduct[ing] a Rule 12(b)(6)-type analysis" or "pierc[ing] the pleadings and conduct[ing] a summary inquiry." *Id.*; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (stating that a court may use

either analysis, but it must use one and only one). The Court finds that a 12(b)(6) analysis is appropriate here.

In conducting a 12(b)(6)-type analysis, federal pleading standards apply. *Int'l Energy Ventures*, 818 F.3d at 207. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III. DISCUSSION

Church Mutual makes two arguments against remand: that (1) Harris was improperly joined because Church Mutual elected responsibility for him, and (2) he was improperly joined because River of Life's boilerplate pleadings against him fail to state a claim for relief. (Notice of Removal, Dkt. 1, at 6–11; Resp. Mot. Remand, Dkt. 7, at 3–10). The Court will consider each in turn.

### A. Election of Responsibility Under Texas Insurance Code § 542A.006

As of September 2017, the Texas Insurance Code allows an insurer that to accept whatever civil liability an agent might have to a claimant for the agent's conduct related to the claim by providing written notice to the claimant. Tex. Ins. Code § 542A.006(a). If the insurer elects to accept responsibility for the agent, a court must dismiss all claims against the agent with prejudice. *Id.* § 542A.006(c). After River of Life sued Church Mutual in October 2018, (Orig. Pet., Dkt. 1-2), Church Mutual elected responsibility for Harris and removed the case to this Court, (Notice of Removal, Dkt. 1, at 3). The Court is therefore required to dismiss with prejudice River of Life's

3

claims against Harris relating to River of Life's insurance claim—which in this case would be all of River of Life's claims against Harris. Tex. Ins. Code § 542A.006(c).[1]

Because of this, Church Mutual believes that Harris is improperly joined, as River of Life is unable to recover against him. (Notice of Removal, Dkt. 1, at 7; Resp. Mot. Remand, Dkt. 7, at 4). Several district court decisions in this circuit have reached that conclusion, including this one. *See Yan Qing Jiang v. Travelers Home & Marine Ins. Co.*, 1:18-CV-758-RP, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2018) (Pitman, J.); *Flores v. Allstate Vehicle & Prop. Ins. Co.*, SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018); *Electro Grafix, Corp. v. Acadia Ins. Co.*, SA-18-CA-589-XR, 2018 WL 3865416, at *4 (W.D. Tex. Aug. 14, 2018). Others have concluded that when an insurer elects responsibility for the adjuster after the adjuster is joined, joinder is not improper even if the plaintiff can no longer recover against the adjuster. *Stephens v. Safeco Ins. Co. of Indiana*, 4:18-CV-00595, 2019 WL 109395, at *7 (E.D. Tex. Jan. 4, 2019). For the reasons given below, the Court is now persuaded that the latter approach is the proper application of federal law and will take that approach here.

River of Life filed this action in state court on October 25, 2018. (Orig. Pet., Dkt. 1-2). Church Mutual did not elect responsibility for Harris until January 3, 2019. (Notice of Removal, Dkt. 1, at 4). Church Mutual's argument that its election renders Harris improperly joined requires the Court to consider whether an action that is not removable when commenced because of incomplete diversity later becomes removable based on a diverse insurer's election of responsibility for the non-diverse adjuster.

River of Life argues that the voluntary-involuntary rule applies here. (Mot. Remand, Dkt. 6, at 4–5). It may. That rule provides that "a case nonremovable on the initial pleadings could become removable only pursuant to a voluntary act of the plaintiff," *Weems v. Louis Dreyfus Corp.*, 380 F.2d

---

[1] The Court does not dismiss River of Life's claims against Harris, however, because for the reasons discussed in this order, it lacks the jurisdiction to do so.

545, 547 (5th Cir. 1967), and Church Mutual's election was undoubtedly not a voluntary act by River of Life. However, because improper joinder is an exception to the voluntary-involuntary rule, *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532–33 (5th Cir. 2006), the Court must first consider whether Harris was improperly joined.

Church Mutual's argument that Harris is improperly joined based solely on its Section 542A.006 election misunderstands the doctrine of improper joinder, which is fundamentally about joinder. *See Smallwood*, 385 F.3d at 573 ("Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."). The possibility-of-recovery inquiry is a means to discerning whether the joinder of a nondiverse defendant was improper, not an end in itself. *See id.* ("A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."). The focus must remain on whether the nondiverse party was properly joined when joined. *See Stephens*, 2019 WL 109395, at *5 ("The Court's inquiry as to whether [the adjuster] was improperly joined is contingent on [the adjuster's] joinder being challenged and not merely whether [the plaintiff] is unable to recover against him. . . . It does not follow that a non-diverse defendant that is initially properly joined may become initially improperly joined. Again, the focus must be on the joinder.").

This approach—focusing on whether a plaintiff could recover against a nondiverse defendant at the time of joinder—is consistent with the Fifth Circuit's improper joinder doctrine. In *Smallwood*, for example, the court considered whether a nondiverse defendant was improperly joined when the plaintiff could not recover against that defendant for the same reason that it could not recover against a diverse defendant. 385 F.3d. at 574. The court decided that in such cases, there "is no improper joinder; there is only a lawsuit lacking merit." *Id.* The court emphasized that the

5

removing party has the burden not merely to demonstrate that the claims against the nondiverse defendant lack merit, but "that sham defendants were added to defeat jurisdiction." *Id.* at 575. As the *Stephens* court observed, if the impossibility of recovery were all that mattered, "the *Smallwood* Court would have reached the opposite conclusion." *Stephens*, 2019 WL 109395, at *5. Like the *Smallwood* court, this Court must focus on the joinder of nondiverse defendants and not solely on the possibility of recovery against those defendants.

Taking that approach here, the Court cannot deny remand based on Church Mutual's Section 542A.006 election alone. River of Life joined Harris as a defendant when it named him in its original petition in October 2018. (Orig. Pet., Dkt. 1-2). Church Mutual did not elect responsibility for Harris for more than another two months. (Notice of Removal, Dkt. 1, at 4). Church Mutual's election of responsibility therefore did not render Harris's *joinder* improper, because it did not preclude recovery against Harris until months after his joinder. If Harris is improperly joined, it must be for a reason that predated his joinder.[2] Church Mutual argues that such a reason exists; the Court examines that argument next.

### B. Failure to State a Claim for Relief

In opposing remand, Church Mutual does not rely solely on its Section 542A.006 election; it also argues that River of Life's petition does not state a claim for relief against Harris. (Notice of Removal, Dkt. 1, at 10–11; Resp. Mot. Remand, Dkt. 7, at 8–10). According to Church Mutual, River of Life's allegations against Harris are mere boilerplate accusations that could be copied-and-pasted from any lawsuit against an insurer and an adjuster for underpayment of a claim. (Notice of Removal, Dkt. 1, at 11). Certainly, federal district courts in this circuit have found that an adjuster is improperly joined if the plaintiff merely recites language from the Texas Insurance Code or the

---

[2] Had the Court taken this approach in *Jiang*, it would not have denied remand solely based on the insurer's election, which was made after the plaintiff joined the adjuster in her original petition. 2018 WL 6201954, at *2. The Court now rejects the approach taken in *Jiang* in favor of the approach taken in this decision.

6

Texas Deceptive Trade Practices Act without specifically identifying how the adjuster's conduct violated those statutes. *See, e.g.*, *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 352 (S.D. Tex. 2017) ("Plaintiffs do not explain exactly how [the adjuster's] adjustments were 'improper,' or how his inspections were 'substandard,' or otherwise inadequate."); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-CV-165A, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009) (finding the plaintiff's factual allegations to be "nothing more than legal conclusions couched as factual allegations").

But River of Life's allegations against Harris consist of more than just legal conclusions. River of Life alleges that Harris purposefully ignored covered damages and then hired an engineer he knew would conduct an estimate favorable to Church Mutual. (Orig. Pet., Dkt. 1-2, at 8). As evidence of the engineer's bias, Harris allegedly told River of Life that the engineer would find no functional damage to the property before the engineer had even inspected the property. (*Id.*). Harris also allegedly told River of Life that he would base his conclusions on the engineer's report no matter what evidence of damage River of Life provided him. (*Id.*). These specific factual allegations are sufficient to state a plausible claim for relief of—at minimum—Texas Insurance Code Section 541.060(a)(2).[3] (*See* Orig. Pet., Dkt. 1-2, at 7 (alleging that Harris's conduct violates Section 541.060(a)(2), which provides that it is an unfair settlement practice to "fail[ ] to attempt in good faith to effectuate a prompt, fair, and equitable settlement" (Tex. Ins. Code § 541.060(a)(2)))).

<u>There was, therefore, at least a reasonable basis to predict that River of Life might recover against Harris at the time of his joinder. This means that Harris was properly joined even though</u>

---

[3] There is a split in authority as to whether Section 541.060(a)(2) applies to adjusters. *Compare Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (holding that the provision does not apply to adjusters because they lack settlement authority and thus cannot "effectuate" a settlement), *with Roach v. Vehicle*, No. 3:15–CV–3228–G, 2016 WL 795967, at *5 (holding that the provision does apply to adjusters because their investigation "effectuates" an insurer's settlement of a claim by forming the basis of that settlement). That split in authority creates an ambiguity regarding the scope to Section 541.060(a)(2), which in the context of a motion to remand must be resolved in favor of remand. *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013). As it has done before, *see Shrimad Holdings, L.P. v. Seneca Ins. Co.*, 1:17-CV-968-RP, 2018 WL 1635655, at *4 (W.D. Tex. Apr. 4, 2018), the Court therefore finds that Section 541.060(a)(2) applies to adjusters for purposes of resolving this motion to remand.

7

Church Mutual has now elected responsibility for him. Because Harris was not improperly joined, the voluntary-involuntary rule applies to Church Mutual's removal. The insurer's election of responsibility thus cannot render this case removable because it is not a voluntary act of River of Life. *See Weems*, 380 F.2d at 547. Church Mutual has failed to carry its burden to establish that federal jurisdiction exists and that removal was proper. *Manguno*, 276 F.3d at723. Because the parties lack complete diversity, the Court lacks subject matter jurisdiction over this action and must remand the action to state court.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that River of Life's Motion to Remand, (Dkt. 6), is **GRANTED**. This case is **REMANDED** back to the 395th Judicial District Court of Williamson County, Texas. The Clerk of the Court is directed to **CLOSE** this action.

**SIGNED** on April 22, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE